UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ALFREDO BUENO-IRIZARRY,

    Plaintiff,

v.

ADVANCED CARDIOLOGY CENTER
CORPORATION, et al.,

    Defendants.

Civil No. 09-1228 (JAF)

**O R D E R**

On March 9, 2009, Plaintiff filed this suit in diversity under 28 U.S.C. § 1332, alleging medical malpractice in relation to medical treatment his mother received in Puerto Rico. (See Docket Nos. 1; 39.) Defendant Advanced Cardiology Center Corporation ("ACC") now moves for summary judgment, alleging a lack of diversity required for this court's subject-matter jurisdiction over the suit. (Docket No. 88.) Defendants Carlos Delgado-Quiñones and his insurer, Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico Hospitalaria ("SIMED"), join that motion (Docket Nos. 92; 101), as does Defendant Wanda Casiano-Quiles (Docket Nos. 102; 107). Plaintiff opposes ACC's motion (Docket No. 98), and ACC replies (Docket No. 111).

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

Civil No. 09-1228 (JAF)                                                                                              -2-

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

ACC challenges our subject-matter jurisdiction over this action, claiming that Plaintiff was domiciled in Puerto Rico at the time he filed this case and, therefore, is not diverse from Defendants, all of whom are domiciled in Puerto Rico. (Docket No. 88.) ACC also claims that Plaintiff lost standing to pursue this cause of action when he petitioned for bankruptcy under federal law. (Id.) That being the case, ACC argues, the cause of action belongs to the estate, domiciled in Puerto Rico, which destroys any diversity jurisdiction that may have existed in this case. (Id.) As explained briefly below, ACC's challenge fails on both grounds.

"For the purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavía Hospital, 516 F.3d 29, 31 (1st Cir. 2008). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. (quoting Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1986)) (internal quotation marks omitted). In determining a party's intent to return, we consider "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained,

---

[1] A revised Federal Rule of Civil Procedure 56 took effect December 1, 2010, but we apply Rule 56 in the form it took on the date this motion was filed, November 4, 2010 (Docket No. 88).

Civil No. 09-1228 (JAF)                                                                                           -3-

location of club and church membership and places of business or employment." Id. at 32 (quoting Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992)).

"Domicile is determined as of the time the suit is filed." Id. at 31. "Once challenged, 'the party invoking subject matter jurisdiction . . . has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction.'" Id. (quoting Bank One, 964 F.2d at 50).

In this case, Plaintiff claims that his domicile was Miami, Florida, until July 1, 2009, when he moved to Mayagüez, Puerto Rico, where he currently lives with his mother. (Docket No. 98-1.) In support of that claim, the record shows that Plaintiff paid rent for a condominium in Miami, where he had resided since 2001, through June 30, 2009 (Docket Nos. 98-4 at 22–23; 98-6; 98-7); maintained a driver's license in Florida until he replaced it in Puerto Rico in September of 2009 (Docket Nos. 88-6 at 4–5; 98-4 at 25; 98-8); kept a car in Florida (Docket No. 98-4 at 23–24); maintained a bank account in Florida (Docket No. 88-6 at 10); and was registered to vote, and voted, in Florida (Docket No. 98-4 at 4, 30). So long as Plaintiff was domiciled in Florida in March 2009, as he claims, we may exercise subject-matter jurisdiction over this matter despite his subsequent change in domicile. See, e.g., Rosado v. Wyman, 397 U.S. 397, 405 n. 6 (1970) ("[A] federal court does not lose jurisdiction over a diversity action which was well founded at the outset even though one of the parties may later change domicile . . . .").

Civil No. 09-1228 (JAF)                                                                                        -4-

ACC argues that Plaintiff was domiciled in Puerto Rico as of March 2009, because Plaintiff (1) filed a lawsuit, related to this one, in Puerto Rico court in 2008; (2) claimed his residence as Puerto Rico when he petitioned for bankruptcy under federal law in August 2009; (3) maintained a migratory lifestyle that precluded him from having established a domicile outside his native home of Puerto Rico; and (4) is currently domiciled in Puerto Rico. (Docket No. 88.) We find each argument unavailing.

As to argument (1), ACC acknowledges, and we see from its exhibit, that Plaintiff never asserted domicile in Puerto Rico when he filed his complaint with the Puerto Rico court. (See Docket Nos. 88-3; 111 at 2.) Since ACC points to no requirement that a person be domiciled in Puerto Rico in order to file suit in its courts, we find Plaintiff's suit in Puerto Rico court lacking in probative value as to his domicile in March 2009. We find argument (2) similarly lacking. When Plaintiff petitioned for bankruptcy in August 2009, he stated that he had been domiciled or had resided in Puerto Rico for at least 91 of the prior 180 days. See 28 U.S.C. § 1408(1). To the extent that Plaintiff traveled frequently to Puerto Rico during those 180 days, to care for his mother (see Docket Nos. 88-6 at 8; 98-4 at 4; 98-5 at 3), we find that Plaintiff could properly claim two residences during that time, one in Florida and one in Puerto Rico. But maintenance of two residences does not preclude his domicile in Florida in March 2009. See Bank One, 964 F. 2d 48, 53 (noting that while a person can have only one domicile, he "may have more than one residence"); see also Lundquist v. Precision

Civil No. 09-1228 (JAF)                                                      -5-

<u>Valley Aviation, Inc.</u>, 946 F.2d 8, 11–12 (1st Cir. 1991) (recognizing that representation of residence, while "highly relevant," is not determinative on question of domicile).

As to argument (3), we find that evidence that Plaintiff rented a condominium in Miami from 2001 to 2009 belies ACC's characterization of Plaintiff's lifestyle as consistently "migratory." While we recognize that Plaintiff has resided in several places since he first left Puerto Rico to begin college, the time period ACC cites spans twenty-four years. (<u>See</u> Docket Nos. 88-6; 98-4.) Plaintiff lived in some of these locations for several years, as a working adult. (<u>Id.</u>) Nothing on the record convinces us that his domicile did not move with him during that time. And finally, as to argument (4), Plaintiff's change in domicile, from Florida to Puerto Rico in July 2009, has no bearing on the question of where he was domiciled in March 2009.

In sum, we find that Plaintiff has shown by a preponderance of the evidence that he was domiciled in Florida in March 2009. We find particularly persuasive the fact that he paid rent at a condominium in Miami through June 2009, despite his very limited income. For the reasons articulated above, the circumstances ACC mentions do not disrupt this finding.

ACC's alternative argument is that Plaintiff lost standing to pursue this cause of action when he petitioned for bankruptcy under federal law, and that the subsequent assumption of the action by his estate and its trustee, both domiciled in Puerto Rico, destroys diversity jurisdiction. (Docket No. 88.) This argument is true in part but, ultimately, we are not

Civil No. 09-1228 (JAF)                                                                                          -6-

deprived of subject-matter jurisdiction over this case. Plaintiff did lose standing to pursue this cause of action when he petitioned for bankruptcy under federal law; from that point on, the cause of action belonged to his estate, to be pursued by its trustee.[2] See 11 U.S.C. § 541(a)(1) (stating that filing a petition for bankruptcy creates a bankruptcy estate that includes all the debtor's legal interests); id. § 704(a)(1) (charging trustee with collection of the property of the estate); see also, e.g., Cobb v. Aurora Loan Servs., LLC, 408 B.R. 351, 354 (E.D. Cal. 2009) (citing Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001)) (noting that causes of action are included in bankruptcy estate created upon petitioning for bankruptcy). Regardless, under federal bankruptcy law, "it is the citizenship of the bankrupt rather than the citizenship of the trustee in bankruptcy that is determinative for diversity jurisdiction." 13E Charles Alan Wright, et al., Federal Practice and Procedure § 3606 (3d ed. 2010) (citing Bush v. Elliott, 202 U.S. 477 (1906)). Therefore, diversity jurisdiction in this case was not destroyed when the non-diverse trustee assumed control of the cause of action.

For the foregoing reasons, we hereby **DENY** ACC's motion for summary judgment (Docket No. 88), joined by Defendants Carlos Delgado-Quiñones, SIMED, and Wanda Casiano-Quiles (Docket Nos. 92; 101; 102; 107). As we have found that Plaintiff lacks standing to maintain this suit, we **ORDER** the parties to **SHOW CAUSE** as to why the

---

[2] The record shows that the trustee moved in bankruptcy court to appoint Plaintiff's counsel to continue and manage this case, under 11 U.S.C. § 327(a), and that the court granted that appointment. (Docket Nos. 88-4; 98-9.)

Civil No. 09-1228 (JAF)                                                                                                  -7-

trustee of Plaintiff's estate should not substitute Plaintiff as the real party in interest, pursuant to Federal Rule of Civil Procedure 17(a)(3).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of December, 2010.

                                                       s/José Antonio Fusté
                                                       JOSE ANTONIO FUSTE
                                                       Chief U.S. District Judge